**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-21295-RAR**

CHAD REEVES,

        Plaintiff,

v.

CARNIVAL CORPORATION
a Panamanian Corporation,

        Defendant.

_____/

**DEFENDANT CARNIVAL CORPORATION'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT DATED APRIL 8, 2024 [DE 3]**

Defendant, CARNIVAL CORPORATION, by and through the undersigned counsel,

hereby provides this Answer and Affirmative Defenses to Plaintiff's Complaint dated April 8,

2024 and states as follows: *

1.      Defendant is without sufficient knowledge or information needed in order to admit

or deny the allegations contained in Paragraph 1of the Plaintiff's Complaint.

2.      Defendant is without sufficient knowledge or information needed in order to admit

or deny the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3.      Admitted.

4.      Denied.

5.      Denied.

6.      Admitted.

7.      It is admitted that Plaintiff boarded the Carnival Freedom on July 8, 2023.

8.      Defendant is without sufficient knowledge or information needed in order to admit

or deny the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.      Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

## COUNT I: NEGLIGENT MEDICAL CARE AND TREATMENT VIA EMPLOYEES OR ACTUAL AGENTS

Defendant resubmits and reincorporates its responses to Paragraphs 1 through 20 above as though fully set forth herein.

21.     It is admitted that Defendant has a duty to act reasonably under the circumstances.

22.     Denied, including all subparts.

23.     Denied.

24.     Defendant cannot admit or deny the allegations contained in Paragraph 24 of the Plaintiff's Complaint as written because they are vague.

25.     It is admitted that Defendant owns the medical center aboard the Carnival Freedom.

26.     It is admitted that Defendant has the right to hire and fire shipboard medical staff.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

## COUNT II: NEGLIGENCE (VICARIOUS LIABILITY OF CARNIVAL BASED UPON APPARENT AGENCY)

Defendant resubmits and reincorporates its responses to Paragraphs 1 through 20 above as though fully set forth herein.

31.     It is admitted that Defendant has a duty to act reasonably under the circumstances.

32.     Denied, including all subparts.

33.     Denied.

34.     Denied.

35.     Denied, including all subparts.

36.     Denied, as written.

37.     Denied, including all subparts.

38.     It is admitted that the ship physician is an officer aboard the vessel.

39.     Denied.

40.     Defendant cannot admit or deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint as written because they are vague.

41.     Admitted.

42.     Admitted.

43.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

* Any allegations not specifically admitted to herein are hereby denied.

## AFFIRMATIVE DEFENSES

In Answering further, Defendant would also affirmatively state as follows:

A.      Carnival Corporation's Ticket Contract imposed binding conditions and limitations on Plaintiff.  Those conditions and limitations negate his theory of the case, as they include the following:

1.      DEFINITIONS AND SCOPE OF CONTRACT

(e)     This ticket is valid only for the person(s) named hereon as Guests and cannot be transferred or modified without Carnival's written consent.  The acceptance or use of this ticket by the person(s) named hereon as Guests shall be deemed acceptance and agreement by each of them to all the terms and conditions of the cruise Contract.

(g)     Except as otherwise expressly provided herein, the contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, written or oral.  Any alteration to any term of this contract must be in writing and authorized by Carnival.

2.      NATURE OF CRUISE, TRAVEL DOCUMENTATION AND GUEST'S OBLIGATIONS

(a)     …. While at sea or in port the availability of medical care may be limited or delayed. Guest acknowledges that all or part of their voyage may be in areas where medical care and evacuation may not be available.

Paragraph 2(a) entails an acknowledgement by the Guest that during the cruise the availability of medical care may be limited or delayed – and a specific acknowledgement that "all or part of their voyage may be in areas where medical care and evacuation may not be available."  Plaintiff acknowledged that "the contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, written or oral."  Plaintiff's allegations that he was promised certain medical facilities or transport are not sustainable in light of the language of section 2 (a) of the Ticket Contract.

B.      The Ticket Contract also contains a warranty by the Guest as to the state of his health:

5.      FITNESS TO TRAVEL, SPECIAL NEEDS, PREGNANCY, INFANTS AND DISEMBARKATION

(a)     The Guest warrants that he and those traveling with him are physically and emotionally fit to travel at the time of embarkation, and further warrants that such Guests have no medical or emotional condition that would endanger any Guest or crewmembers or result in a deviation of the voyage.

Plaintiff's affirmation, that he was physically fit to travel and had no medical conditions which could result in a deviation of the voyage, was false.  He was not physically fit for this vacation and it was reasonably foreseeable to him that he could have a major medical episode that could affect the crew or the route.

C.     Plaintiff's own lack of care caused the damages complained of in that he knew he was at risk for a major medical episode and he did not act in a reasonable or prudent fashion in going on the cruise.  Any fault attributable to him must be applied to negate or reduce his claimed damages.

D.     Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians.  Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable and appropriate medical care.

E.     Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

F.     Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

G.      Plaintiff has a duty to mitigate the losses or damages claimed against Defendant by taking advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage, and failed to do so.

H.      Plaintiff's claims are governed by maritime law and any recovery is limited to same.

I.      This Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

J.      Plaintiff was himself negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

K.      Plaintiff failed to seek timely medical treatment for his condition which caused and/or exacerbated his damages and/or failed to follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected his recovery.

L.      This action is barred in whole or in part by the applicable statute of limitations.

M.      Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

N.      The subject physician(s) was/were operating as an independent contractor(s) at all times material hereto.   Pursuant to an agreement with Carnival corporation, the subject ship doctor(s) was/were A) paid as an independent contractor and not as an employee; B) no deductions were taken from his/her pay and he/she was not eligible for employee benefits; C) he/she agreed to practice according to the appropriate standard of care, within the scope of his/her medical expertise based upon his/her knowledge, training and experience as a licensed physician; and D)

he/she exercised medical judgment in the care and treatment of passengers and crew.  With respect to the care rendered to Plaintiff, the ship's nurses were at all times acting under the control of the subject ship physician(s) and were thus his/her borrowed servants.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/Michael Drahos*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 1st, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/Michael Drahos*

**SERVICE LIST**
**CASE NO. 1:24-cv-21295-RAR**


Philip D. Parrish, Esq.
Philip D. Parrish PA
7301 S.W. 57th Court
Suite 430
Miami, FL 33143
Telephone: 305-670-5550
Facsimile: 305-670-5552
*phil@parrishappeals.com*


Todd J. Michaels, Esq.
The Haggard Law Firm
330 Alhambra Circle
Coral Gables, FL 33134
Telephone: 305-446-5700
Facsimile: (305) 446-1154
tjm@haggardlawfirm.com

*Attorneys for Plaintiff*