**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-21295-RAR**

CHAD REEVES,

Plaintiff,

v.

CARNIVAL CORPORATION
a Panamanian Corporation,

Defendant.
________________________________________/

# JOINT PROPOSED JURY INSTRUCTIONS

The parties to this action, Plaintiff Chad Reeves ("Plaintiff" or "Mr. Reeves"), and Defendant Carnival Corporation ("Defendant" or "Carnival"), by and through the undersigned attorneys, hereby jointly file their Joint Proposed Jury Instructions. As required by the trial order issued in this case [DE 11], instructions where the parties do not agree are in **bold-faced**. Instructions proposed only by the Plaintiff to which the Defendant objects are <u>underlined</u>. Instructions and questions proposed only by the Defendant to which the Plaintiff objects are *italicized*.

[*remainder of page intentionally left blank*]

**PROPOSED JURY INSTRUCTION NO. __**

**INTRODUCTION - COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

NOTE: Plaintiff does not object to this instruction but it should be moved to after the preliminary instructions and before the end of trial instructions

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.1

GRANTED ____________

DENIED ____________

MODIFIED ____________

WITHDRAWN ____________

**PROPOSED JURY INSTRUCTION NO. __**

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

Plaintiff Chad Reeves, brought this action against Carnival Corporation and claims Dr. Reddy Desai and Dr. Brent Leonards were negligent in providing medical care and treatment to him. Plaintiff contents that Defendant Carnival is responsible for Dr. Desai's and Dr. Leonard's

negligence and that as a consequence he sustained injuries. Carnival denies that Dr. Desai and Dr. Leonards were negligent or that it was responsible for their medical care and treatment.

Burden of proof:

Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff Chad Reeves and the evidence favoring Carnival on opposite sides of balancing scales, Chad Reeves needs to make the scales tip to his side. If Plaintiff fails to meet this burden, you must find in favor of Carnival.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On all "affirmative defenses," Defendant Carnival has the burden of proving the elements of a defense by a preponderance of the evidence. After considering all the evidence, if you decide that Carnival has proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the Jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, Snapchat, YouTube, and Twitter.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very

important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Carnival may ask the witness questions – this is called "cross-examining" the witness. Then Carnival will present its witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 1.1

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. __**

**JURY QUESTIONS**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask. Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until

you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 1.4

GRANTED ____________

DENIED ____________

MODIFIED ____________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. __**

**INTERIM STATEMENTS**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 1.5

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. __**

**USE OF DEPOSITIONS**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition testimony of [names of witnesses] will be presented to you [by a video / by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 2.2

GRANTED ____________

DENIED ____________

MODIFIED ____________

WITHDRAWN ____________

**PROPOSED JURY INSTRUCTION NO. __**

**USE OF INTERROGATORIES**

[You'll now hear/You've heard] answers that Carnival and Plaintiff gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Carnival and Plaintiff gave the answers in writing while under oath.

You must consider Carnival's and Plaintiff's answers to as though Carnival and Plaintiff gave the answers on the witness stand.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 2.6

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. __**

**IN-TRIAL INSTRUCTIONS ON NEWS COVERAGE**

Reports about this trial, or about this incident, may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 2.7

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. __**

**THE DUTY TO FOLLOW INSTRUCTIONS –
CORPORATE PARTY INVOLVED**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts, omissions, and statements of its employees that are made within the scope of their duties as employees of the company.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.2.2

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. __**

**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.3

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. __**

**CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.4

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

## PROPOSED JURY INSTRUCTION NO. __

## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.5.1

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. __**

**EXPERT WITNESSES**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You have heard testimony of expert witnesses on both sides of the case. The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and their testimony relates to a question of fact - that is, the issue of proximate cause; so it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave you their opinion, you consider the soundness of each opinion, reasons for the opinion and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all of the evidence. You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.6.1; Modern Federal Jury Instructions, 2004 Vol. 4, Hon. Leonard B. Sand, Instruction 76-10 Conflicting Expert Testimony, LexisNexis, Matthew Bender. See also Fed. R. Evid. 702 and 704.

GRANTED ____________

DENIED ____________

MODIFIED ____________

WITHDRAWN ____________

**PROPOSED JURY INSTRUCTION NO. __**

**RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIMS– PREPONDERANCE OF THE EVIDENCE**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant, Carnival, as to that claim.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.7.1.

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

***PROPOSED JURY INSTRUCTION NO. __***

***AGENCY INSTRUCTION***

*On Plaintiff's claims, there is a preliminary issue for you to decide. That issue is whether Dr. Desai and Dr. Leonards were agents of Carnival and were acting within the scope of their employment at the time and place of the incident in this case. An agent is a person who is employed to act for another, and whose actions are controlled by his employer or are subject to his employer's right of control. An employer is responsible for the negligence of its agent if such negligence occurs while the agent is performing services which he was employed to perform or while the agent is acting at least in part because of a desire to serve his employer and is doing something that is reasonably incidental to his employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.*

*But a person is not responsible for the negligence of an independent contractor. An independent contractor is a person who is engaged by another to perform specific work according to his own methods and whose methods of performing the work are not controlled by the person engaging him and are not subject to that person's right of control.*

*Authority: Florida Standard Jury Instruction 401.14(b) – Preliminary Issues – Vicarious Liability.*

*GRANTED* ____________

*DENIED* ____________

*MODIFIED* ____________

*WITHDRAWN* ____________

**PROPOSED JURY INSTRUCTION NO. __**

**On Chad Reeves' claim there is a preliminary issue for you to decide. That issue is:**

**Whether Dr. Desai and Dr. Leonards and Nurse Thomas were employees of Carnival and were acting within the scope of their employment at the time and place of the incident in this case. An employee is a person who is hired by Carnival to act on behalf of Carnival, and whose actions are controlled by Carnival or are subject to Carnival's right of control. An employer is responsible for the negligence of an employee if the negligence occurs while the employee is performing services which they were employed to perform or while the employee is acting at least in part because of a desire to serve their employer and is doing something that is reasonably incidental to their employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.**

**But a person is not responsible for the negligence of an independent contractor or of the agents or employees of an independent contractor. An independent contractor is a person engaged by another to perform specific work according to their own methods and whose methods of performing the work are not controlled by the person engaging them and are not subject to that person's right of control. Whether a person is an independent contractor is to be determined on the basis of all of the circumstances of the parties' dealings with each other and not on the basis of the labels used by them.**

**A person is, however, responsible for the negligence of an independent contractor if the independent contractor is an actual or apparent agent of that person, or the employer undertook to perform the services resulting in the injury to Chad Reeves.**

**Drs. Desai and Lenoards and Nurse Thomas are agents if Carnival authorized them to act on Carnival's behalf. They are apparent agents if, by words or conduct, Carnival caused or allowed Chad Reeves to believe that the medical staff were agents of and had authority to act for Carnival. A company is responsible for the negligence of its independent contractor if, at the time and place of the incident, the independent contractor was an actual or apparent agent of the employer and was acting within the scope of their actual or apparent authority.**

**When a cruise line undertakes to perform medical services, it cannot transfer the obligation to perform those services to an independent contractor and remains responsible for the negligence of its independent contractor.**

GRANTED ____________

DENIED ____________

MODIFIED ____________

WITHDRAWN ____________

**Arango v. Reyka, 507 So. 2d 1211 (Fla. 4th DCA 1987).**

**(Revised September 13, 2018; revised June 30, 2021.)**

**Florida Standard Jury Instruction 402.9 PRELIMINARY ISSUES — VICARIOUS LIABILITY**

***PROPOSED JURY INSTRUCTION NO. __***

***MEDICAL NEGLIGENCE***

*In this case, the Plaintiff Chad Reeves claims that Drs. Reddy Desai and Brent Leonards negligently rendered medical care and treatment which caused him to suffer injuries and that Carnival is responsible for such negligence. On the other hand, Carnival contends that Dr, Desai and Dr. Leonards exercised reasonable care under the circumstances, and that Carnival was not responsible for any negligent acts. To succeed on a claim for negligence, Plaintiff must prove each of the following facts by a preponderance of the evidence:*

*First: You must find that Drs. Desai and Leonards were the actual or apparent agents of Carnival;*

*Second, you must find that Drs. Desai and Leonards were negligent;*

*Third, you must find that the negligence was a legal cause of injury to Chad Reeves.*

*In the verdict form that I'll explain in a moment, you'll be asked to answer questions about these factual issues.*

*"Negligence" means the failure to use reasonable care. Reasonable care on the part of a physician is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably careful physicians in the same or similar environment. Negligence on the part of a physician is doing something that a reasonably careful physician would not do under like circumstances or failing to do something that a reasonably careful physician would do under like circumstances. Implicit in this variable standard of care is the notion that cruise ship doctors will not always be held to the same standard of care at sea that would guide treatment onshore.*

*If a preponderance of the evidence does not support Plaintiff's claim for negligence, then your verdict should be for Carnival. But if a preponderance of the evidence supports Plaintiff's claim, you must next consider the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiff's damages -- no more, no less. You must not impose or increase these compensatory damages to punish or penalize Carnival. And you must not base these compensatory damages on speculation or guesswork because Plaintiff can recover only his actual damages.*

*But the law does not restrict compensatory damages only to actual loss of time or money. Compensatory damages cover both the mental and physical aspects of injury -- tangible and intangible. No evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect, it's not value you're trying to determine, but an amount that fairly compensates Plaintiff for emotional pain and mental anguish. And there's no exact standard to apply, but any such award should be fair and just in light of the evidence.*

*If you find that damages have been proved by a preponderance of the evidence, you should consider only the following elements of damage:*

*• medical and hospital expenses incurred in the past and that more likely than not Plaintiff will incur in the future; and*

- *Physical and emotional pain and anguish.*
- *Economic damages including medical, psychological and other related expenses;*
- *Non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.*

*Authority: U.S. Eleventh Circuit 2013 Pattern Jury Instructions –Instruction 8.1 (modified); U.S. Eleventh Circuit 2005 Pattern Jury Instructions – State Claims Instructions 1.1 Florida Standard Jury Instruction 401.12; Florida Standard Jury Instruction 402.4(a)- Preliminary Issues-Vicarious Liability; Florida Standard Jury Instruction 501.5(c); Buland v. NCL Bahamas, Ltd., 992 F.3d 1143 (11 th Cir. 2021); Franza v. Royal Caribbean Cruises, Ltd., 772 F.3d 1225, 1253 (11th Cir. 2014); Watson v. Wilkinson Trucking Co., 244 S.C. 217, 136 S.E.2d 286 (1964); Couch, III v. Cro-Marine Transport, Inc., 44 F.3d 319, 328 (5th Cir. 1995). See also Force and Norris, The Law of Maritime Personal Injuries, 5th Edition, Section 11:1.*

*GIVEN* __________

*DENIED* __________

*MODIFIED* __________

*WITHDRAWN* __________

**PROPOSED JURY INSTRUCTION NO. __**

**The issues you must decide on Chad Reeves' claims against Carnival are:**

**whether Dr. Desai or Dr. Leonards were negligent or whether both were negligent in their care and treatment of Chad Reeves and if so, whether that negligence was a legal cause of the loss, injury or damage to Chad Reeves.**

**Derived from *F.S.* 766.110.**

**Florida Standard Jury Instruction 402.11 ISSUES ON MAIN CLAIM**

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. __**

**Mortality Tables - Actuarial Evidence**
**Life Expectancy in General**

If a preponderance of the evidence shows that the Plaintiff Chad Reeves has been permanently injured, you may consider the Plaintiff's life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of the Plaintiff, Chad Reeves's life.

Authority: Eleventh Circuit Pattern Jury Instruction - State Claims Instructions 3.1

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

***PROPOSED JURY INSTRUCTION NO. __***

***REDUCTION OF DAMAGES TO PRESENT VALUE***

*Any amount of damages which you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.*

*The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Plaintiff for these losses as they are actually experienced in future years.*

Objection by Plaintiff: Neither party has hired an economist and the instruction will confuse the jury.

*Authority: Florida Standard Jury Instruction 6.10; Eleventh Circuit Pattern Jury Instructions - Supplemental Damages Instructions 5.1*

*GIVEN* __________

*DENIED* __________

*MODIFIED* __________

*WITHDRAWN* __________

**PROPOSED JURY INSTRUCTION NO. __**

**DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.8.1

GIVEN ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. __**

**ELECTION OF FOREPERSON - EXPLANATION OF VERDICT FORM**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.9

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. __**

**CIVIL *ALLEN* CHARGE**

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need. I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 2.8

GIVEN ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

Dated: _____ **day of February, 2025**

Respectfully submitted,

By: /s ____________________
Todd J. Michaels, Esq.
Florida Bar No. 568597
tjm@haggardlawfirm.com
Joshua P. Padron, Esq.
Florida Bar No. 1018674
jpp@haggardlawfirm.com
THE HAGGARD LAW FIRM
330 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 446-5700
Facsimile: (305) 446-1154

Philip D. Parrish, Esq.
Florida Bar No. 541877
phil@parrishappeals.com
7301 S.W. 57th Court, Suite 430
South Miami, FL 33143
Telephone: (305) 670-5550
Facsimile: (305) 775-5155

*Attorneys for Plaintiff*

By: */s Michael J. Drahos*
Michael J. Drahos, Esq.
Florida Bar No. 617059
michael.drahos@gray-robinson.com
GRAYROBINSON, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

We hereby certify that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this ___ day of _______________, 2025. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s/ ______________________________
Michael J. Drahos, Esq.

**SERVICE LIST**
**CASE NO. 1:24-cv-21295-RAR**

Philip D. Parrish, Esq.
Philip D. Parrish PA
7301 S.W. 57th Court
Suite 430
Miami, FL 33143
Telephone: 305-670-5550
Facsimile: 305-670-5552
*phil@parrishappeals.com*

Todd J. Michaels, Esq.
The Haggard Law Firm
330 Alhambra Circle
Coral Gables, FL 33134
Telephone: 305-446-5700
Facsimile: (305) 446-1154
tjm@haggardlawfirm.com

*Attorneys for Plaintiff*