**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-21295-RAR**

CHAD REEVES,

Plaintiff,

v.

CARNIVAL CORPORATION
a Panamanian Corporation,

Defendant.
________________________________________/

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF, OR REFERENCE TO, ALLEGED CONVERSATIONS WITH U.S. COAST GUARD**

Defendant, CARNIVAL CORPORATION, (hereinafter "Carnival"), by and through its undersigned counsel and pursuant to this Court's Orders [ECF Nos. 11 and 21], hereby moves *in limine* to preclude introduction of evidence, or reference to alleged conversations with the U.S. Coast Guard, and in support thereof would state as follows:

## I. INTRODUCTION

This is a maritime medical malpractice matter arising from care and treatment rendered to Plaintiff, Chad Reeves, while he was a guest passenger aboard the Carnival *Freedom* in July of 2023. Plaintiff contends the medical staff aboard the *Freedom* deviated from acceptable care standards in the diagnosis and treatment of his cardiac emergency and ultimate decision not to effectuate an expedited transfer to shore for time sensitive surgical intervention. Defendant disagrees and contends the ship's medical staff saved Plaintiff's life with timely and prudent decision making and treatment.

Now, Carnival seeks to preclude Plaintiff from introducing evidence of, or making reference to, alleged conversations of Plaintiff's off-vessel family members with the United States Coast Guard. There has been no identification of any specific U.S. Coast Guard, including a name, position, title, or contact information, to support the alleged conversation and statements. Further, the U.S. Coast Guard responded to a Freedom of Information Act request advising that they were unable to locate or identify any records related to Chad Reeves' July 2023 incident on the Carnival Freedom. (See U.S. Coast Guard's Response to FOIA Request dated June 28, 2024, attached as Exhibit "A"). As such, the unsubstantiated out-of-court statements allegedly made by the U.S. Coast Guard to Plaintiff's off-vessel family members concerning Plaintiff's evacuation from the Carnival vessel constitute inadmissible hearsay and all references or evidence pertaining to such should be precluded.

**III. LEGAL ARGUMENT**

A motion in *limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017)(granting motion in *limine* to exclude testimony that an unknown person alleged to be a crew member commented that the weather conditions were bad at the time of the incident). Motions in *limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Harrell v. Carnival Corp.*, No. 19-22667-CIV, 2021 WL 5759335, at *1 (S.D. Fla. Dec. 3, 2021) (*citing Mowbray v. Carnival Corp.*, 2009 WL 10667070, at *2 (S.D. Fla. April 13, 2009)).

"Hearsay statements are statements, other than those made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted, and are not

admissible unless one of the hearsay exceptions applies." *United States v. Lozano*, 711 F. App'x 934, 938 (11th Cir. 2017) (*citing* Fed. R. Evid. 801(c), 802). "The rationale behind the hearsay rule is the untrustworthiness of hearsay statements." *T. Harris Young & Assocs., Inc. v. Marquette Elecs., Inc.*, 931 F. 2d 816, 826 (11th Cir. 1991). In particular, "[h]earsay presents substantial risks of insincerity and faulty narration, memory, and perception." *Id*.

In *Harrel v. Carnival Corp.*, the Southern District of Florida granted Carnival's Motion in Limine to preclude testimony at trial "that she spoke with a fellow passenger, whom she does not know, who commented to her that she had seen passengers slip in the same area where Plaintiff fell." *See Harrell v. Carnival Corp.*, No. 19-22667-CIV, 2021 WL 5759335, at *1 (S.D. Fla. Dec. 3, 2021). The Court determined these out-of-court statements constituted inadmissible hearsay that do not seemingly fall under any exception pursuant to Federal Rule of Evidence 803. *Id* (granting Carnival's Motion in *Limine* to exclude testimony based on hearsay).

It is anticipated that Plaintiff will attempt to introduce evidence, or make reference to, conversations that Plaintiff's off-vessel family members had with an alleged agent or representative of the United States Coast Guard, regarding evacuating Plaintiff from the subject vessel. Specifically, Plaintiff's Complaint alleges that off-vessel family members called the Coast Guard and the Coast Guard indicated that it would pick up the Plaintiff if the ship contacted the Coast Guard. (ECF No. 1 at ¶14). Further, Plaintiff alleges the Coast Guard spoke to the Carnival vessel including the captain and the doctor onboard, regarding evacuating the Plaintiff. (ECF No. 1 at ¶15). It is anticipated Plaintiff will argue these statements are not hearsay, but Plaintiff will not be able to establish the requisite evidentiary foundation to render the statements admissible. Thus, under the Rules of Evidence, the statements constitute inadmissible hearsay and should be precluded from being introduced as evidence, or referenced to, at trial.

It is undisputed that Plaintiff never spoke to anybody from the U.S. Coast Guard, nor did any of his family members onboard the ship. (See deposition transcript of Plaintiff, attached hereto as Exhibit "B" at 94:11-94:17; see also deposition transcript of Brittney Reeves, Plaintiff's wife, attached hereto as Exhibit "C" at 105:17-106:4, see also deposition transcript of Toni Arrington, attached hereto as Exhibit "D" at 34:2-34:20). Plaintiff's off-vessel family member Brittney Bowman testified that she called a phone number that she found on a Google search, and spoke to an unidentified male who said he was with the U.S. Coast Guard:

> Q: Going back to what you said before about calling the Coast Guard, how did you find the number to locate the Coast Guard?
>
> A: I googled it.

(See deposition transcript of Brittney Bowman attached hereto as Exhibit "E" at 19:5-19:11).

> Q: **Do you know what location you called?**
>
> A: **I am not 100 percent sure on the location.**
>
> Q: Okay.
>
> A: I called whatever they told – whatever they advised me to at the time, and I do not recall what the location was.
>
> Q: And what did the second person say to you?
>
> A: That second person was genuinely interested in the emergency. It was a man, and he wanted – that's the guy that wanted as much information as he could possibly get so that he could talk to his superiors to find out what to do next. He assured me that they were able to go get him but they had to follow protocol. And he took down all of my information – the name o' the boat, my brother's name, what was going on. **And that's when he proceeded to – whether it was him who made the phone calls, I don't know. I just know that somebody from the Coast Guard called the boat to, you know, get facts on what was going on, and then someone called me back.**
>
> Q: So that person that called you back, was that the same person as the one that you had spoke to before, or was this a different person?
>
> A: No. It was the same person that had spoke to me before, and he told me he would call me back when he got some information.
>
> Q: **And did you ever get his name?**

> A: **I probably did at the time, but I don't know what it is. I didn't write down any of this, you know, at the time.**
>
> Q: **Did you get his position with the Coast Guard?**
>
> A: **No, ma'am.**
>
> Q: And then was there any other human person contacts that you spoke to from the US Coast Guard?
>
> A: No ma'am.

(See Exhibit "E" at 21:20-23:13, emphasis added). It is further undisputed that Brittney Bowman was not onboard the subject vessel during the Plaintiff's subject cruise. (Exhibit "E" at 10:17-10:19). Brittney Bowman did not speak to any of Plaintiff's doctors on the subject cruise. (Exhibit "E" at 13:20-14:1). Brittney Bowman did not speak to the Plaintiff at any time while he was on the subject cruise. (Exhibit "E" at 13:11-13:13).

There is no evidence of record showing that Brittney Bowman, or any one else in Plaintiff's family, spoke to any person of the U.S. Coast Guard. Further, in response to a Freedom of Information Act request, seeking any records, documents, recordings, or information of communications regarding the Plaintiff's incident, the U.S. Coast Guard advised that they were unable to locate or identify any such materials or information. (See Exhibit "A"). Thus, Plaintiff should be precluded from introducing any evidence of, or making any reference to, alleged communications with the U.S. Coast Guard relating to the Plaintiff's subject incident or evacuation from the subject vessel.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court enter an order precluding the introduction of evidence, or reference to, any conversations with the United States Coast Guard, along with any further relief this Court deems just and proper.

**<u>Local Rule 7.1 (a)(3) Certification</u>**

I hereby certify that counsel for the movant has conferred with Plaintiff's counsel regarding the relief sought, and Plaintiff is opposed.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: *<u>/s/ Michael Drahos</u>*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
W. Cooper Jarnagin
Florida Bar No. 117767
cooper.jarnagin@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Michael Drahos*

**SERVICE LIST**
**CASE NO. 1:24-cv-21295-RAR**

Todd J. Michaels, Esq.
Florida Bar No. 568597
tjm@haggardlawfirm.com
Joshua P. Padron, Esq.
Florida Bar No. 1018674
jpp@haggardlawfirm.com
THE HAGGARD LAW FIRM
330 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 446-5700
Facsimile: (305) 446-1154

Philip D. Parrish, Esq.
Florida Bar No. 541877
phil@parrishappeals.com
7301 S.W. 57th Court, Suite 430
South Miami, FL 33143
Telephone: (305) 670-5550
Facsimile: (305) 775-5155

*Attorneys for Plaintiff*