**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:24-cv-21295-RAR

CHAD REEVES,

      Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation,

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY**
**JUDGMENT ON COMPARATIVE NEGLIGENCE**

Plaintiff, by and through undersigned counsel, hereby files his Motion for Partial Summary

Judgment on Comparative Negligence and in support thereof states as follows:

**INTRODUCTION**

At approximately 6:00 p.m. on July 8, 2023, Carnival passenger, Chad Reeves, began

suffering acute chest pains and sweating profusely.  His sister, a nurse, who was also on the cruise,

directed him to go immediately to the ship's medical clinic, which he did.  When he arrived in the

clinic his troponin level was essentially zero, which suggests that he either was not undergoing a

heart attack or that it had just begun.  The first EGK performed by the ship's physician was

inconclusive that a STEMI heart attack was occurring, but another EKG taken approximately a

half hour later confirmed it.  Nevertheless, Carnival has raised comparative negligence as an

affirmative defense.

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

1.      Carnival's retained cardiologist Dr. John Setaro agrees that patients frequently tell physicians things that they think might be significant that actually have no significance at all.  (Exhibit A, Setaro Depo., p. 90).

2.      When Mr. Reeves commented that he had felt some brief chest pain earlier in the morning, Dr. Setaro confirmed:

> That's something that frequently happens.  We call it a sentinel event.  That may be the time when the cholesterol plaque initially ruptures, if they had a sense associated with it, but a clot doesn't yet form.  So it doesn't represent a sustained syndrome.  They get better, they go about their business.  But a day or sometimes even several days or a week later, they will come back with a STEMI [heart attack].  It's fairly common.

(Exhibit A, p. 90).

3.      Carnival's retained cardiologist Dr. John Setaro has no criticisms of Mr. Reeves for not seeking medical attention when he felt a momentary episode of initial chest tightness that morning:

> A.      No.  I think that many patients will have those types of symptoms.  As you pointed out, they may not be particularly important in any way.  He apparently went about his normal activities.  And I do think that he came in in a timely manner that evening because his troponin was documented as essentially being 0 at that point.
>
> You know, if it had been highly elevated, we could say that, you know, whatever his decision-making process at 9 in the morning, he harmed himself by not coming in; but in fact, the initial troponin was essentially 0.

(Exhibit A, p. 91).

## **LEGAL STANDARD**

"The Court should grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

Motions for partial summary judgment serve the purpose of "expediting trials by narrowing legal issues and establishing facts not in controversy." *Cardinal Point LLC v. Edgewood Partners Insurance Center, Inc.*, 2023 WL 8543716 at *5 (S.D. Fla. 2023) (quoting *Brown v. Crawford Cnty.*, 960 F.2d 1002, 1007, n. 6 (11th Cir. 1992). *See also,* Fed.R.Civ.P. 56(a) (permitting motions for summary judgment on a "part of each claim or defense"). The same standard that applies to full motions for summary judgment applies to motions for partial summary judgment. *Cardinal Point* at *5.

An issue of fact is material if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, a disputed fact is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *Id.* If the movant discharges its initial burden, the non-movant party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

## ARGUMENT

Carnival has no basis for its comparative negligence defense because Carnival's retained cardiologist (and causation) expert Dr. John Setaro agreed that Mr. Reeves reported to the clinic in a timely fashion, and that the "sentinel event" that morning was not something that would trigger a trip to the medical clinic, which was confirmed by the essentially zero score on the troponin test.

Comparative negligence is an affirmative defense and thus the party asserting the defense bears the burden of proving that the negligence of the other party was a cause of the incident. *Nogara v. Lynn Law Office PC*, 2023 WL 8018579 at *7 (S.D. Fla. 2023) (citing *Bongiorno v. Americorp, Inc.*, 159 So.3d 1027, 1029 (Fla. 5th DCA 2015)). The standard elements of negligence must be established. *Id.* Those are (1) a duty to conform to a certain standard of conduct; (2) a breach of the duty; (3) proximate cause; and (4) damages. *See also Pettis v. Bosarge Diving, Inc.*,

751 F.Supp.2d 1222 (S.D. Ala. 2010) ("A Jones Act defendant has the burden to establish a seaman's contributary or comparative negligence.")   Here, there is no evidence that Mr. Reeves breached any duty of care.

## CONCLUSION

Accordingly, this Court should grant Plaintiff's Motion for Partial Summary Judgment on comparative negligence.

Respectfully submitted by:

THE HAGGARD LAW FIRM
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Telephone: (305) 446-5700
*Co-Counsel for Plaintiff*

By:  /s/ *Todd J. Michaels*
**TODD J. MICHAELS, ESQUIRE**
Florida Bar No.: 568597
**ADAM C. FINKEL, ESQUIRE**
Florida Bar No.: 101505
tjm@haggardlawfirm.com
acf@haggardlawfirm.com
jbush@haggardlawfirm.com

- and -

PHILIP D. PARRISH, P.A.
7301 Southwest 57th Court, Suite 430
Miami, Florida 33143
Telephone: (305) 670-5550
*Co-Counsel for Plaintiff*

By:  /s/ *Philip D. Parrish*
**PHILIP D. PARRISH**
Florida Bar No.: 541877
phil@parrishappeals.com
betty@parrishappeals.com

CASE NO.: 1:24-cv-21295-RAR

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this February 7, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**<u>SERVICE LIST</u>**

Michael J. Drahos, Esquire
Florida Bar No. 0617059
W. Cooper Jarnagin, Esquire
Florida Bar No. 117767
Ashley Genoese, Esquire
Florida Bar No. 1019357
GRAYROBINSON PA
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: 561-268-5727
Facsimile: 561-268-5747
Michael.drahos@gray-robinson.com
Cooper.jarnagin@gray-robinson.com
Ashley.genoese@gray-robinson.com
*Counsel for Defendant*

Philip D. Parrish, Esquire
Florida Bar No. 541877
PHILIP D. PARRISH PA
9301 S.W. 57 Court, Suite 430
Miami, Florida 33143
Telephone: 305-670-5550
Facsimile: 305-670-5552
phil@parrishappeals.com
*Co-Counsel for Plaintiff*

Todd J. Michaels, Esquire
Florida Bar No.: 568597
Adam C. Finkel, Esquire
Florida Bar No.: 101505
THE HAGGARD LAW FIRM
330 Alhambra Circle
Coral Gables, Florida 33134
Tel: 305-446-5700
Fax: 305-446-1154
Primary: TJM@haggardlawfirm.com
Primary : ACF@haggardlawfirm.com
Secondary: Jbush@haggardlawfirm.com
*Co-Counsel for Plaintiff*