**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:24-cv-21295-RAR

CHAD REEVES,

     Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation,

     Defendants.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN _LIMINE_ TO
PRECLUDE EVIDENCE OF, OR REFERENCE TO, ALLEGED
CONVERSATIONS WITH U.S. COAST GUARD**

Plaintiff, CHAD REEVES, by and through undersigned counsel, hereby files his Response

to Defendant's Motion in _Limine_ to Preclude Evidence of, of Reference to, Alleged Conversations

With U.S. Coast Guard (DE 31), and states as follows:

**INTRODUCTION**

This is a medical malpractice action brought by a Virginia firefighter who was a passenger

aboard a Carnival vessel when he began to suffer a STEMI heart attack.  He brings this action

pursuant to maritime law.  _See Franza v. Royal Caribbean Cruises Ltd._, 772 F.3d 1225 (11th Cir.

2014) (acknowledging that the negligence of a ship's medical personnel in treating passengers may

be vicariously imputed to the ship owner under the doctrine of _respondeat superior_).  As a general

rule, a shipowner like Carnival owes its passengers a duty of reasonable care under the

circumstances.  _Kermarec v. Compagnie Generale Transatlantique,_ 358 U.S. 625 (1959).

## LEGAL STANDARD

A trial Court's authority to rule in limine derives from its inherent authority to manage trials.  *Luce v. United States*, 469 U.S. 38, 41-42 (1984).  Nevertheless, a trial court should only exclude evidence in limine where the evidence is clearly inadmissible for any purpose.  *Douglas v. Zachry Industrial, Inc.*, 2015 WL 12838970 (M.D. Fla. 2015) (citing *Hawthorne Partners v. AT&T Techs, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)).  Generally, motions in limine are disfavored.  *Holderbaum v. Carnival Corp.*, 2015 WL 12085846 at *1 (S.D. Fla. 2015) (citing *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 2013 WL 750309 at *1 (S.D. Fla. 2013)).  Accordingly, "in fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds."  *Id.* (citing *United States v. Gonzalez*, 718 F.Supp.2d 1341, 1345 (S.D. Fla. 2010)).

In light of the preliminary or preemptive nature of motions in limine any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.  *Powers v. Target Corp.*, 2020 WL 1986968 at *2 (S.D. Fla. 2020).

## ARGUMENT

### Carnival's Motion in *Limine* Should be Deferred to Trial

Several of Mr. Reeves' family members have testified that they reached out to the Coast Guard concerning a possible evacuation of Mr. Reeves from Carnival's vessel.  Plaintiff agrees that any statements made by Coast Guard personnel in those calls are hearsay, as no testimony has been obtained from any Coast Guard official.  However, the fact that a phone call or phone calls were made can be introduced into evidence by the people who made those phone calls.

The fact that Carnival's Freedom of Information Act Request revealed no response (itself hearsay) could, at best, be used as cross examination.

In light of the foregoing, the Plaintiff respectfully requests this Court defer ruling on Carnival's motion to trial so that, in the event Plaintiff presents witnesses who testify to contacting the Coast Guard, any appropriate evidentiary objection can be made and ruled upon at that time.

## CONCLUSION

For the foregoing reasons this Court should defer ruling on Carnival's Motion in *Limine* to Preclude Evidence of, or Reference to, Alleged Conversations With U.S. Coast Guard.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on February 19, 2025.  I also certify that the foregoing was served on all counsel or parties of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

THE HAGGARD LAW FIRM
*Counsel for Plaintiff*
330 Alhambra Circle
Coral Gables, Florida 33134
Tel: 305-446-5700/Fax: 305-446-1154
Primary: TJM@haggardlawfirm.com
Secondary: Jbush@haggardlawfirm.com
By:      */s/Todd J. Michaels*
          Todd J. Michaels
          Florida Bar No.: 568597

Philip D. Parrish, P.A.
*Co-counsel for Plaintiff*
7301 SW 57th Court, Suite 430
Miami, Florida 33143
Tel. 305-670-5550/Fax: 305 670-5552
Email: phil@parrishappeals.com
          betty@parrishappeals.com
By:      */s/ Philip D. Parrish*
          Philip D. Parrish
          Florida Bar No. 541877

3

**<u>SERVICE LIST</u>**

Michael J. Drahos, Esquire
W. Cooper Jarnagin, Esquire
Ashley Genoese, Esquire
GRAYROBINSON PA
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: 561-268-5727
Facsimile: 561-268-5747
Michael.drahos@gray-robinson.com
Cooper.jarnagin@gray-robinson.com
Ashley.genoese@gray-robinson.com
*Counsel for Defendant*

Philip D. Parrish, Esquire
PHILIP D. PARRISH PA
7301 S.W. 57 Court, Suite 430
Miami, Florida 33143
Telephone: 305-670-5550
Facsimile: 305-670-5552
phil@parrishappeals.com
betty@parrishappeals.com
*Co-Counsel for Plaintiff*

Todd J. Michaels, Esquire
Adam C. Finkel, Esquire
THE HAGGARD LAW FIRM
330 Alhambra Circle
Coral Gables, Florida 33134
Tel: 305-446-5700
Fax: 305-446-1154
Primary: TJM@haggardlawfirm.com
Primary : ACF@haggardlawfirm.com
Secondary: Jbush@haggardlawfirm.com
*Counsel for Plaintiff*