**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:24-cv-21295-RAR

CHAD REEVES,

Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation,

Defendants.
_________________________________/

**REPLY IN SUPPORT OF PLAINTIFF'S OMNIBUS MOTION IN LIMINE**

Plaintiff, CHAD REEVES, by and through undersigned counsel, hereby files his Reply in Support of Plaintiff's Omnibus Motion in Limine and states:

## I. DEFENDANT SHOULD NOT BE PERMITTED TO ELICIT TESTIMONY CONCERNING MR. REEVES' UNRELATED BACK INJURY, HIS TEMPORARY DEPRESSION RELATED TO THAT BACK INJURY, OR ANY ISSUES CONCERNING WHETHER MR. REEVES' GUNS WERE TAKEN AWAY FROM HIM

This is a maritime medical malpractice action, not a garden variety slip and fall. Mr. Reeves sustained a STEMI heart attack aboard Carnival's vessel, and alleges that Carnival's medical personnel failed to properly and timely treat that organic condition.

The fact that Mr. Reeves sustained a back injury several years before the STEMI heart attack, and pursued a brief course of therapy arising from that injury is entirely irrelevant to this cause of action, and discussion of or introduction of evidence concerning that injury and brief period of therapy would be unfairly prejudicial to Mr. Reeves.

On the subject of unfairly prejudicial, the erroneous therapy note concerning Mr. Reeves having his guns taken away from him would be even more irrelevant and even more unfairly prejudicial than the fact that he had sustained a back injury and briefly sought psychological counseling as a result.

At a minimum, that incorrect untrustworthy hearsay statement from the undeposed therapist's notes should be disallowed.

## II. DEFENDANT SHOULD NOT BE PERMITTED TO REFERENCE AN EVENT MR. REEVES WAS INVOLVED IN WHERE A DOG WAS SHOT AND KILLED

Defendant has agreed to this motion in limine.

## III. BECAUSE THERE IS NO LOST WAGE CLAIM THE DEFENDANT SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE OF MR. REEVES SUBSEQUENT EMPLOYMENT RECORDS OF NON-PHYSICIAN ASSESSMENTS

The hearsay assessment by an athletic trainer employed by the Lynchburg Fire Department should be excluded. It does not meet any hearsay exclusion. Those assessments are attached hereto as Exhibit A. It is not, for instance, a report of a governmental agency, nor is it a medical record. It also contains double hearsay that "several firefighters present, commented on [Reeves'] outstanding performance and said they were unsure whether many people in the department could have done that volume of work without rest." Keep in mind that his fellow firefighters no doubt wanted him to be cleared for work, another indication of the statement's untrustworthiness.

## IV. DEFENDANT SHOULD NOT BE PERMITTED TO OFFER CUMULATIVE TESTIMONY OF TWO PHYSICIANS

Plaintiff agrees that issues concerning the cumulative nature of Dr. Setaro and Dr. Khoury's testimony can be addressed at trial.

## V. THE DEFENDANT SHIP PHYSICIANS AND NURSE SHOULD BE PRECLUDED FROM SPECULATING THAT THERE "MUST" HAVE BEEN MORE THAN THREE EKGs PRINTED OUT

Carnival's response accuses the Plaintiff of defying Einstein's theory of relativity. The truth of the matter is that Carnival admits that its time stamps for the EKGs are all wrong, because they are time stamped hours before Mr. Reeves arrived at the clinic. Plaintiff agrees with Carnival that those time stamps are inaccurate. Nevertheless, Carnival wants this Court to accept as a truth that the amount of time *between* those times stamps is accurate.

The only actual proof in the medical record as to when the EKGs occurred are medical record entries which reflect that the EKGs had been conducted and read by a certain time, and concluded, consistent with Einstein's theory of relativity, and the way time works, that the EKGs had to have been performed *no later than* the time of the note entry in the medical record, e.g., where Nurse Thomas wrote that the second EKG had been performed and read by 7:17 p.m. Rather than accepting that undeniable fact, Carnival engages in further speculation that "Nurse Thomas simply made a mistake in her 7:17 p.m. note entry and perhaps did not want to admit it at deposition." (Response, p. 11). Respectfully, that is utter nonsense.

## CONCLUSION

For the foregoing reasons, this Court should either grant Plaintiff's Motion in *Limine* or defer ruling until the time of the trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on February 28, 2025. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

THE HAGGARD LAW FIRM
*Counsel for Plaintiff*
330 Alhambra Circle
Coral Gables, Florida 33134
Tel: 305-446-5700/Fax: 305-446-1154
Primary: TJM@haggardlawfirm.com
Secondary: Jbush@haggardlawfirm.com

By: */s/Todd J. Michaels*
Todd J. Michaels
Florida Bar No.: 568597

Philip D. Parrish, P.A.
*Co-counsel for Plaintiff*
7301 SW 57th Court, Suite 430
Miami, Florida 33143
Tel. 305-670-5550/Fax: 305 670-5552
Email: phil@parrishappeals.com
betty@parrishappeals.com

By: */s/ Philip D. Parrish*
Philip D. Parrish
Florida Bar No. 541877

**SERVICE LIST**

Michael J. Drahos, Esquire
W. Cooper Jarnagin, Esquire
Ashley Genoese, Esquire
GRAYROBINSON PA
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: 561-268-5727
Facsimile: 561-268-5747
Michael.drahos@gray-robinson.com
Cooper.jarnagin@gray-robinson.com
Ashley.genoese@gray-robinson.com
***Counsel for Defendant***

Philip D. Parrish, Esquire
PHILIP D. PARRISH PA
7301 S.W. 57 Court, Suite 430
Miami, Florida 33143
Telephone: 305-670-5550
Facsimile: 305-670-5552
phil@parrishappeals.com
betty@parrishappeals.com
***Co-Counsel for Plaintiff***

Todd J. Michaels, Esquire
Adam C. Finkel, Esquire
THE HAGGARD LAW FIRM
330 Alhambra Circle
Coral Gables, Florida 33134
Tel: 305-446-5700
Fax: 305-446-1154
Primary: TJM@haggardlawfirm.com
Primary : ACF@haggardlawfirm.com
Secondary: Jbush@haggardlawfirm.com
***Counsel for Plaintiff***